UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOSEPH J. FOSTANO,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES, LP,

    Defendant.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, JOSEPH J. FOSTANO, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida. Mr. Fostano is a "consumer" as defined in the FDCPA.

4. Defendant, CAPITAL MANAGEMENT SERVICES, L.P., is a limited partnership and citizen of the State of New York with its principal place of business at Suite 700, 726 Exchange Street, Buffalo, New York 14210.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions between Plaintiff and Bank of America which transactions Plaintiff entered into primarily for personal, family or household purposes.

9. Defendant left the following pre-recorded message on Plaintiff's voice mail on or about the date stated:

> July 31, 2009 – Pre-Recorded Message
> Please contact Capital Management Services for an important business matter toll-free at 1-888-787-0933. This call is not a solicitation. Again, the phone number is 1-888-787-0933.

10. Based upon information and belief, Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

11. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-

2

Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12. Defendant failed to inform Plaintiff in the telephone messages that the communications were from a debt collector.

## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

13. Plaintiff incorporates Paragraphs 1 through 12.

14. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## CLASS ACTION ALLEGATIONS

15. Plaintiff incorporates the foregoing paragraphs.

16. This action is brought on behalf of a class defined as:

    a. all Florida residents for whom Defendant left a pre-recorded telephone message in which it failed to disclose that the communication was from a debt collector,

    b. in an attempt to collect a debt incurred for personal, family, or household purposes

    c. arising from an alleged debt due Bank of America

      d.      during the one-year period prior to the filing of the complaint in this matter through the date of class certification.

17.    Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

18.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

      a.      whether Defendant's messages violate the FDCPA and

      b.      whether Defendant is a debt collector.

19.    The claims of Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

20.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

21.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

22. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy

WHEREFORE, Plaintiff, JOSEPH J. FOSTANO, requests that the Court enter judgment in favor of himself and the class and against Defendant Capital Management Services, LP for:

    a. Certification of this matter to proceed as a class action;

    b. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658
